IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:03-cr-00041-MP-AK

LINSOME A. BOYD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 563, Motion to Vacate, by Linsome A. Boyd. The Government has filed its response, Doc. 571, and the Court denied Defendant's request to file an out-of-time reply. Docs. 624 & 630. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute more than 50 grams of "a mixture and substance containing cocaine base, commonly known as 'crack cocaine.'" Doc. 414. He was sentenced to 120 months imprisonment.

In his motion to vacate, Defendant claims that crack cocaine "must be treated as ordinary cocaine because it has never been separately scheduled to be its own controlled substance offense." Doc. 563. In his view, *Booker* "makes the drug identity an element," which presumably must be proved to a jury beyond a reasonable doubt.

The law is well established that a "guilty plea means something. It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court." *Murray v. United States*, 145 F.3d 1249, 1254 (11th Cir. 1998). In fact,

> the representations of the defendant, his lawyer, and the prosecutor at...a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Defendant pled guilty to a crime involving "crack cocaine," and he agreed in the statement of facts that the Government would be able to prove that his drug activities involved "cocaine base." As used in the statutes and the Guidelines, cocaine in its base form is "crack cocaine." *See United States v. Pope*, 461 F.3d 1331, 1333 (11th Cir. 2006); *United States v. Vasquez*, 121 F.3d 622, 623 (11th Cir. 1997); *United States v. Sloan*, 97 F.3d 1378 (11th Cir. 1996); U.S. Sentencing Guidelines Manual §2D1.1(c). While the identity of the drugs at issue might, in a vacuum, have provided Defendant with a defense to the charges, he waived the right to assert such a defense when he voluntarily and knowingly pled guilty. *Booker* does not alter that conclusion.

Defendant presses for vacation of his sentence based on an argument that there exists an improper disparity between sentences for crack cocaine and powder cocaine. This R&R does not address that sentencing issue, except to note that the Sentencing Commission has agreed in principle with that generalization. Defendant presently has a § 3582 motion pending before the District Judge related to the retroactive amendments to the Guidelines regarding crack cocaine sentences, and it is in that proceeding that Defendant should more properly press for a reduction in sentence, as the noted disparity by the Sentencing Commission does not equate into wholesale vacation of a crack cocaine sentence.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 563, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  *20th*  day of March, 2008.

      *s/ A. KORNBLUM*
      **ALLAN KORNBLUM**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations**

**within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**